UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRIAN LUMPKIN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| v. | )   Case No. 12-CV-586-JED-TLW |
| | ) |
| KEVIN WARNE and | ) |
| JAMES BOHANON, | ) |
| | ) |
|       Defendants. | ) |

**OPINION AND ORDER**

The Court has for its consideration defendants Kevin Warne and James Bohanon's Joint Motion for Judgment on the Pleadings and Brief in Support (Doc. 16). The defendants seek judgment on the pleadings on the basis of qualified immunity as to both of plaintiff Brian Lumpkin's claims brought under 42 U.S.C. § 1983.

### I.  Background

Mr. Lumpkin's complaint alleges that on October 25, 2010, he visited his girlfriend at a home located at 48th Street and Mingo Road in Tulsa, Oklahoma. Officers Warne and Bohanon, who were surveilling a house suspected of drug activity, observed Mr. Lumpkin get into his vehicle and head north on Mingo Road.[1] Officer Warne, then following Mr. Lumpkin, radioed to Officer Bohanon that Mr. Lumpkin had made an improper turn. Officer Bohanon then proceeded in his marked Tulsa Police Department police car to pull Mr. Lumpkin over.

In the midst of the traffic stop, extensive conversation took place over the radio between Officers Warne and Bohanon, which included the following exchange:

---

[1] It is unclear from Mr. Lumpkin's complaint whether the location under surveillance was the same home Mr. Lumpkin was leaving.

> 20:50 Bohanon-"Ah..he's got nothin" Warne-"10-4 did he give you an address?" Bohanon-"No he [sic] saying he was coming from 51st and Mingo..but he is staying out west with his sister...but he did not know the address...he gave me some old address over on Norfolk."
>
> 20:51 Bohanon-"You want me to cut him some paper or just cut him lose [sic] or what?" Warne-"You didn't smell any weed or anything like that?" Bohanon-"Ah...it did kind of smell like weed.... I was in the car so..." Warne-"Well ...thats [sic] up to you if smell anything...I don't know how good the dogs are going to be out here on the highway but ...ah..its [sic] up to you...we don't necessarily have to write him any paper but if you think you can smell or you think you might get something...do you see any bags or anything in the car ...he might be holding something?" Bohanon-" Naw... But he knows the deal I imagine we'll just go through the motions I'm going to shakedown the car real quick and just cut him loose if we don't find anything." Warne-"OK...I got eyes on you so..."

(Doc. 2, at ¶ 21). Following this exchange, Officer Bohanon performed a search of Mr. Lumpkin's vehicle. The complaint implies that Officer Bohanon found no contraband. Thereafter, Officer Bohanon gave Mr. Lumpkin the option of receiving a traffic citation for the improper turn or performing pushups in lieu of the ticket. Mr. Lumpkin elected to perform the pushups and went on his way. Thereafter, Officers Warne and Bohanon had the following exchange:

> 21:06 Bohanon-"Alright" Warne-"So I should start calling you drill instructor Bohanon sir." Bohanon-"Did you see that?" (Laughing) Warne-"Yeah...(laughing) I was wandering what you guys were talking about." Bohanon-"I told him hey...your [sic] going to have to give me some push-ups if you want to not get any tickets." Warne-"I'm going to run by that other spot on 71 if you just want to menger (sic) over there and hang out I will let you know." Bohanon-"10-roger 0. I got the address ..whatever..and he said he was over seeing his girl Sheron (?) over at 48th and Mingo." Warne-"10-4 I will get that from you in a little bit." Bohanon "10 dash 4".

(*Id*.). On October 19, 2012, Mr. Lumpkin filed this lawsuit against Officers Warne and Bohanon in their individual capacity pursuant to § 1983, alleging claims for unlawful search and seizure and excessive force.

2

## II. Standards

In reviewing a motion for judgment under Fed. R. Civ. P. 12(c), the Court applies the same standard to Rule 12(c) motions as it applies to Rule 12(b)(6) motions. *See Brown v. Montoya*, 662 F.3d 1152, 1160 n. 4 (10th Cir. 2011). In considering a motion to dismiss under Rule 12(b)(6), the inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must "'nudge [ ][his] claims across the line from conceivable to plausible.'" *Id*. (quoting *Twombly*, 550 U.S. at 547). Thus, "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Id*.

When a defendant asserts a qualified immunity defense in a Rule 12(c) motion, the Court applies "a heightened pleading standard, requiring the complaint to contain 'specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law.'" *Id*. at 1241 (quoting *Dill v. City of Edmond*, 155 F.3d 1193, 1204 (10th Cir. 1998)). To defeat a defendant's claim of qualified immunity in the context of a Rule 12(c) motion, a plaintiff's complaint "must establish both that the defendant's actions violated a federal constitutional or statutory right and that the right violated was clearly established at the time of the defendant's actions." *Id*.

### III.     Analysis

Defendants argue that plaintiff's complaint fails to allege any constitutional or statutory violation on the part of the defendants, thereby entitling them to qualified immunity.  As to plaintiff's § 1983 claim against both Warne and Bohanon, they argue that, based upon plaintiff's account, there was a lawful traffic stop and lawful search of Lumpkin's vehicle – nothing more; nothing less.  As to Lumpkin's § 1983 claim against Bohanon for excessive force, defendants argue that the choice given to do pushups in lieu of a ticket was not a seizure of Lumpkin which could have amounted to excessive force.

**Unlawful Search and Seizure (Count I)**

Plaintiff's § 1983 claim against Warne and Bohanon is based upon a claimed violation of the Fourth Amendment.  Specifically, plaintiff alleges that the defendants violated his Fourth Amendment rights by essentially manufacturing probable cause – the smell of marijuana – to search his vehicle.  Lumpkin's complaint contains the transcript of the conversation between Warne and Bohanon during the traffic stop, which includes the following relevant exchange:

> 20:50 Bohanon-"Ah..he's got nothin" Warne-"10-4 did he give you an address?" Bohanon-"No he saying he was coming from 51st and Mingo..but he is staying out west with his sister...but he did not know the address...he gave me some old address over on Norfolk."
>
> 20:51 Bohanon-"You want me to cut him some paper or just cut him lose [sic] or what?" Warne-"You didn't smell any weed or anything like that?" Bohanon-"Ah...it did kind of smell like weed.... I was in the car so..." Warne-"Well ...thats [sic] up to you if smell anything...I don't know how good the dogs are going to be out here on the highway but ...ah..its [sic] up to you...we don't necessarily have to write him any paper but if you think you can smell or you think you might get something...do you see any bags or anything in the car ...he might be holding something?" Bohanon-" Naw... But he knows the deal I imagine we'll just go through the motions I'm going to shakedown the car real quick and just cut him loose if we don't find anything." Warne-"OK...I got eyes on you so..."

(Doc. 2, at ¶ 21). The complaint further alleges that "WARNE and BOHANON, detained LUMPKIN, without probable cause (or alternatively, WARNE and BOHANON intentionally and wrongfully made-up a factual basis of probable cause to continue to detain and search the vehicle of LUMPKIN)." (*Id*., at 22).

Plaintiff's complaint, taken as true and viewed in the light most favorable to Mr. Lumpkin, alleges that the defendants falsely manufactured a probable cause basis for searching his vehicle and therefore conducted the search in violation of the Fourth Amendment. Based upon the context and content of the exchange between Officers Warne and Bohanon, it is plausible to suggest, as Mr. Lumpkin does, that the marijuana smell described by Officer Bohanon was suggested by Officer Warne and then falsely acquiesced to by Bohanon. If Officer Bohanon did not in fact smell marijuana (which Mr. Lumpkin's complaint alleges in substance), he would have lacked probable cause to search Mr. Lumpkin's vehicle and therefore would have done so in violation of the Fourth Amendment. *See Almeida-Sanchez v. United States*, 413 U.S. 266, 273 (1973) (search of vehicle without probable cause violated Fourth Amendment). This Fourth Amendment right is clearly established, as a reasonable officer would know that such a search would be unlawful. *See Casey v. City of Federal Heights*, 509 F.3d 1278, 1283–84 (10th Cir. 2007) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."); *see also Gross v. Pirtle*, 245 F.3d 1151, 1158 (10th Cir. 2001) ("The reasonableness standard is 'clearly established' in the context of § 1983 actions."). Thus, defendants are not entitled to qualified immunity and defendants' motion is denied as to this claim.

**Excessive Force (Count II)**

Plaintiff also alleges a § 1983 against Officer Bohanon for the use of excessive force in violation of the Fourth Amendment. Mr. Lumpkin's claim is based upon Officer Bohanon giving him the choice of doing pushups or receiving a traffic citation for an improper turn.

Claims of excessive force are analyzed under the objective reasonableness standard of the Fourth Amendment. *Medina v. Cram*, 252 F.3d 1124, 1131 (10th Cir. 2001) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)). The Court must "balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Scott v. Harris*, 550 U.S. 372, 383 (2007) (quoting *United States v. Place*, 462 U.S. 696, 703 (1983)). When weighing the reasonableness of the amount of force used by a police officer, the Tenth Circuit has suggested several factors which district courts should consider:

> The reasonableness of an officer's conduct must be assessed "from the perspective of a reasonable officer on the scene," recognizing the fact that the officer may be "forced to make split-second judgments" under stressful and dangerous conditions. The Fourth Amendment standard requires inquiry into the factual circumstances of every case; relevant factors include the crime's severity, the potential threat posed by the suspect to the officer's and others' safety, and the suspect's attempts to resist or evade arrest.

*Gross*, 245 F.3d at 1158 (10th Cir.2001). As an initial matter, however, "[t]o state a claim of excessive force under the Fourth Amendment, a plaintiff must show both that a 'seizure' occurred and that the seizure was 'unreasonable'." *Bella v. Chamberlain*, 24 F.3d 1251, 1255 (10th Cir. 1994) (citing *Brower v. County of Inyo,* 489 U.S. 593, 599 (1989)).

Defendants allege that the choice given to Mr. Lumpkin to receive a traffic citation or do pushups was not a seizure at all. In support of this, defendants cite *Martinez v. Carr*, 479 F.3d 1292 (10th Cir. 2007), which the Court finds instructive. Martinez was given the choice of

receiving a traffic citation or going to jail, and accepted the citation. *Id*. at 1295. He then brought a § 1983 Fourth Amendment claim against the officer based upon a purportedly unlawful seizure. The Tenth Circuit noted that "it seems of immediate significance to us that Officer Carr gave Mr. Martinez the *choice* of accepting the citation or being arrested—something very nearly the opposite of a *seizure*." *Id* (italics in original). The court found that no seizure occurred because "the defendant was given the freedom to choose not to be arrested and instead leave without any restrictions on his movement prior to trial." *Id*. at 1296. As a result, the officer's actions "did not qualitatively alter the nature of Mr. Martinez's preexisting detention" and the routine traffic stop did not become an unlawful seizure. *Id*. at 1296.

While it certainly isn't wise practice for police officers to trade traffic citations for exercise, the conduct at issue in this case does not amount to an unlawful seizure. Mr. Lumpkin was given the option to perform the pushups or receive a ticket and be on his way. While Mr. Lumpkin perhaps astutely chose the pushups, neither option presented by Bohanon would have resulted in any significant "restriction[] on his movement." *Martinez*, 479 F.3d at 1296. He was free to leave following his selection and the officer's actions did not transform the traffic stop into a more constitutionally problematic detention. Because there was no seizure, there was no use of excessive force, and defendant Bohanon is entitled to qualified immunity with respect to this claim.

**IT IS THEREFORE ORDERED** that defendants Kevin Warne's and James Bohanon's Joint Motion for Judgment on the Pleadings and Brief in Support (Doc. 16) is **granted in part and denied in part**. Plaintiff's § 1983 claim based upon excessive force (Count II of the Complaint) is **dismissed with prejudice**. His § 1983 claim based upon an unlawful search and seizure by defendants Warne and Bohanon (Count I of the Complaint) remains.

7

**SO ORDERED** this 5th day of September, 2013.

_____
JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE